UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AHMED HUSAIN ZUBAIR,

               Plaintiff,

         -against-

CONEDISON COMPANY OF NY, et al.,

               Defendants.

1:20-CV-1313 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff Ahmed Husain Zubair, who appears *pro se*, brings this action under the Court's federal-question and diversity jurisdiction. Plaintiff resides in Yonkers, New York, and he sues (1) the ConEdison Company of New York ("ConEd"), (2) Patricia Paulino, a ConEd District Manager, and (3) Steven Martinez, a ConEd "Energy Service Rep," all of Rye, New York. He asserts claims under the Consumer Financial Protection Act of 2010, "Section 18 of Federal Trade Commission Act (15 U.S.C. 57a) regarding unfair or deceptive acts or practices," and the "Zombie House law in New York."[1] (ECF 1, at 2.) He seeks injunctive relief and unspecified damages.

      Plaintiff has paid the relevant fees to bring this action. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff leave to replead his claims in an amended complaint to be filed within 30 days of the date of this order.

---

[1] Because Plaintiff and at least one defendant are alleged to be citizens of the State of New York, the parties are not diverse, and this Court cannot consider Plaintiff's state-law claims under the Court's diversity jurisdiction. *See*. 28 U.S.C. § 1332(a)(1). In light of Plaintiff's *pro se* status, however, the Court will consider Plaintiff's state-law claims under the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the relevant fees, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted after giving the plaintiff notice and an opportunity to be heard. *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff makes the following allegations: In or about March 2015, ConEd removed the electricity and gas utility meters from the basements of all of the houses in Yonkers, except Plaintiff's house. Months later, in or about December 2015 or January 2016, after the City of Yonkers had evicted the tenants and squatters living in Plaintiff's house, and while Plaintiff was overseas, ConEd "illegally cut off electric[ity] and gas supply" to Plaintiff's house. (ECF 2, at 5.)

Plaintiff returned to the United States in March 2016, and asked ConEd to reconnect electricity and gas service to his house. But ConEd "demanded a ransom of approx[imately] $10,000," a sum Plaintiff could not afford. (*Id.*) In or about October or November 2017, Plaintiff again asked ConEd to reconnect electricity and gas service to his house. ConEd informed him that the electricity and gas utility meters had to be reinstalled outside of his house, and at his expense. But previously, in 2015, ConEd had performed this type of work to all of the houses in

Plaintiff's Yonkers neighborhood, except his house, at no charge. ConEd "made demands that were way out of [Plaintiff's] reach and for no fault of [Plaintiff's] made the expenses [his]." (*Id.*)

ConEd also demanded that "the pole connection from [the] street to [Plaintiff's] house . . . be modified and rearranged." (*Id.*) "The same connection that has been in existence for more than 15 [years] from [the] right side of the house was deemed to be brought to [the] left side of the house at [Plaintiff's] expense." (*Id.*)

Because of ConEd's "unrealistically expensive demands," Plaintiff cannot not get electricity and gas service reconnected to his house. (*Id.* at 6.) And because of the lack of electricity, he cannot not "install security cameras and necessary apparatus to secure and monitor [the] house." (*Id.*) He is also "unable to clean the yard," which has resulted in the City of Yonkers issuing him "sanitary" summonses.[2] (*Id.*)

Plaintiff seeks to be compensated "for damages due to theft," and asks the Court to order the defendants to reconnect electricity and gas service to his house. (*Id.*).

## DISCUSSION

In his complaint, Plaintiff asserts claims under the Consumer Financial Protection Act of 2010 ("CFPA"), "Section 18 of Federal Trade Commission Act (15 U.S.C. 57a) regarding unfair or deceptive acts or practices" ("FTCA"), and the "Zombie House law in New York." (ECF 1, at 2.)

**A.     Claims under the CFPA**

The Court must dismiss Plaintiff's claims under the CFPA. Courts within this Circuit have held that the CFPA provides no private right of action. *See Fraser v. Aames Funding Corp.*,

---

[2] Plaintiff has attached to his complaint copies of email correspondence between him and ConEd officials, including correspondence with the individual defendants, in which he unsuccessfully sought reconnection of electricity and gas service to his house. (ECF 2, at 8-16.)

No. 16-CV-0448, 2017 WL 564727, at *4-5 (E.D.N.Y. Jan. 24, 2017), *report & recommendation adopted sub nom.*, *Fraser v. Deutsche Bank Nat'l Trust Co.*, 2017 WL 563972 (E.D.N.Y. Feb. 10, 2017); *Gingras v. Rosette*, No. 5:15-CV-0101, 2016 WL 2932163, at *22 (D. Vt. May 18, 2016); *Nguyen v. Ridgewood Sav. Bank*, Nos. 14-CV-1058, 14-CV-3464, 14-CV-3989, 2015 WL 2354308, *11 (E.D.N.Y. May 15, 2015), *appeals dismissed*, No. 15-1928 (2d Cir. July 24, 2015), No. 15-1929 (2d Cir. July 28, 2015), No. 15-1927 (2d Cir. July 29, 2015). The Court therefore dismisses Plaintiff's claims under the CFPA for failure to state a claim on which relief may be granted.

**B.     Claims under the FTCA**

Under the FTCA, within 60 days of the date that the Federal Trade Commission ("FTC") promulgates a rule about unfair or deceptive acts or practices in or affecting commerce, "any interested person (including a consumer or consumer organization) may file a petition, in the United States Court of Appeals for the District of Columbia circuit or for the circuit in which such person resides or has his principal place of business, for judicial review of such rule." 15 U.S.C. § 57a(e)(1)(A); *see* 15 U.S.C. § 57a(a)(1)(B). The FTC may bring civil suits for violations of its rules about such unfair or deceptive acts or practices, or for engaging in such unfair or deceptive acts or practices. *See* 15 U.S.C. § 57b(a)(1)-(2).

The FTCA "creates [the FTC] and delegates specific powers to the agency to define the scope of unfair methods of competition through its rule-making authority, to conduct administrative hearings to punish and prevent unfair practices, and to file civil actions for violations of its rules and orders." *Gingras*, 2016 WL 2932163, at *22 (citing 15 U.S.C. §§ 57a and 57b). But the FTCA does not provide a private right of action. *See Naylor v. Case and McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978); *Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc.*, 499 F.2d 232, 237 (2d Cir. 1974); *Gingras*, 2016 WL 2932163, at *22-23. The Court

4

therefore dismisses Plaintiff's claims under the FTCA, including any under 15 U.S.C §§ 57a or 57b, for failure to state a claim on which relief may be granted.

## C.     Claims under state law

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any claims under state law Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

Chambers will mail a copy of this order to Plaintiff. The Court dismisses this action.

The Court dismisses Plaintiff's claims under the CFPA and the FTCA, including any under 15 U.S.C. §§ 57a or 57b, for failure to state a claim on which relief may be granted. The Court declines the consider Plaintiff's claims under state law. 28 U.S.C. § 1367(c)(3).

The Court grants Plaintiff leave to replead his claims in an amended complaint to be filed within 30 days of the date of this order. If Plaintiff fails to file an amended complaint within the

5

time allowed, the Court will enter judgment dismissing this action for the reasons discussed in this order.[3]

SO ORDERED.

Dated:  June 1, 2020
        New York, New York

                                                _____
                                                        Louis L. Stanton
                                                        U.S.D.J.

---

[3] In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all Court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.